

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

### NO. AP-76,518

---

### EX PARTE WILLIAM DUNCAN SARTAIN, II, Applicant

---

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 2010175 IN THE 198th DISTRICT COURT
### FROM McCULLOCH COUNTY

---

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest with a vehicle and sentenced to eleven years' imprisonment. The Third Court of Appeals affirmed his conviction. *Sartain v. State*, No. 03-09-00066-CR (Tex. App–Austin, delivered May 19, 2010, no pet.).

Applicant contends that his trial counsel rendered ineffective assistance because he failed to investigate the validity of the prior convictions used by the State for purposes of enhancement during

his punishment hearing. The Applicant further alleges that two of the three convictions used to elevate the punishment range in this case to that of a second degree felony were not final felony convictions available for enhancement purposes and that counsel was ineffective for advising him to plead true to the enhancement paragraphs.

The trial court has determined, based upon the record, that trial counsel was ineffective and that such ineffective representation prejudiced applicant. We find, therefore, that applicant is entitled to relief. The sentence in Cause No. 5298 in the 198th Judicial District Court of McCulloch County is set aside, and this cause is remanded to the trial court so that a new punishment hearing may be held.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 16, 2011
Do Not Publish